**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 08-CR-0051-001-CVE |
| ) | |
| **MANUEL BONILLA,** ) | |
| a/k/a "Carlos Contreras," ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Now before the Court is the government's Unopposed Motion to Declare this Case a Complex Case Pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(8)(B)(ii)[1] (Dkt. # 539). The government asks the Court to declare this a complex case under the Speedy Trial Act, 18 U.S.C. § 3161, as to defendant Manuel Bonilla. Defendant does not oppose the government's motion.

On March 6, 2008, the Grand Jury returned an indictment against defendant Manuel Bonilla and 10 others, alleging that defendants participated in a conspiracy to violate the federal drug laws in violation of 21 U.S.C. § 846. Dkt. # 2. Due to the amount of evidence and the number of defendants, the Court declared this matter a complex case and extended the jury trial date beyond the 70 day time period permitted by the Speedy Trial Act. Dkt. # 69. The Grand Jury subsequently returned a superseding indictment (Dkt. # 169) and second superseding indictment (Dkt. # 222), adding defendants and clarifying the charges against each defendant. All defendants, except Omar Cruz and Manuel Bonilla, have pled guilty or been convicted by a jury, and have been sentenced.

---

[1] The Court notes that the statute has been amended, and the provision that the government intends to cite is located at 18 U.S.C. § 3161(h)(7)(B)(ii).

Manuel Bonilla made his initial appearance on November 6, 2009, but Omar Cruz has not been arrested. See Dkt. # 534. The Court has appointed counsel for Manuel Bonilla and entered a scheduling order setting trial for December 21, 2009. Dkt. # 537. The government asks the Court to declare this a complex case as to defendant Manuel Bonilla due to the amount of evidence that defense counsel must review to draft pretrial motions and prepare for trial. The government states that there are thousands of pages of discovery materials, "includ[ing] Title III wiretap affidavits, applications, orders, and related reports regarding three court-authorized wiretaps on a cellular telephone that collectively involve hundreds of recorded conversations that are in the Spanish language." Dkt. # 539, at 2. The government estimates that it will produce at least 5,000 pages of documents to defense counsel before trial.

The government's request to declare this a complex case falls under § 3161(h)(7)(A) of the Speedy Trial Act. Section 3161(h)(7)(A) permits a court to exclude:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

The Act provides several factors that may be relevant for an ends of justice continuance. In this case, the government relies on § 3161(h)(7)(B)(ii), which states that a district judge should consider:

> [w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007). In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court finds that the government's motion to declare this matter a complex case should be granted. The government has identified a substantial body of evidence that will be produced to defense counsel, including wiretap affidavits and transcripts, investigative reports, and other documents in excess of 5,000 pages. The Court is familiar with evidence in this case because it has presided over a jury trial involving defendant Victor Porras, and the government's assessment of the amount of evidence is accurate. This case involves thousands of documents, wiretap transcripts, and recordings of intercepted phone calls, and much of this evidence is in Spanish.[2] It would be unreasonable to require defense counsel to prepare for a December 21, 2009 trial, and failure to treat

---

[2] The government states that its investigation into this defendant and other unknown defendants remains ongoing, and it is possible that more charges will be filed. Dkt. # 539, at 2. Even if this is true, the Court is not relying on this as a basis to grant the government's motion, because it is not sufficiently concrete to justify an extension of the Speedy Trial Act's 70 day deadline to try defendant.

this case as a complex case would deny defense counsel adequate time to prepare for trial.  In addition to the interests of the parties, the Court must also consider whether the ends of justice served by extending the 70 day time limit also outweigh the public's interest in a speedy trial. Zedner v. United States, 547 U.S. 489, 498-99 (2006); Williams, 511 F.3d at 1048.  While a speedy resolution of criminal cases serves the public interest, it does not benefit the public if a complex criminal case is rushed and a miscarriage of justice results.  In this case, the public's interest in a speedy trial is outweighed by the parties' need for additional time to prepare for trial, and refusal to extend the jury trial beyond the 70 day time period allowed by the Speedy Trial Act would result in a miscarriage of justice.

However, the government's proposed schedule is based on trial in Summer 2010, and the Court finds that the government's proposed schedule should be modified.  Even though there is a substantial amount of evidence, the government does not need 30 days to respond to pretrial motions or 30 days to prepare for a pretrial conference after the Court's ruling on pretrial motions.  See Dkt. # 539, at 4.  The Court finds that a trial date of April 19, 2010, with other deadlines set in accordance with the Court's standard scheduling order in a criminal case, will give the parties sufficient time to prepare for trial without impairing defendant's right to a speedy trial or subverting the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that the government's Unopposed Motion to Declare this Case a Complex Case Pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(8)(B)(ii) (Dkt. # 539) is **granted**.

**IT IS FURTHER ORDERED** that following scheduling order is hereby entered regarding defendant Manuel Bonilla:

| | |
|---|---|
| Motions due: | March 11, 2010 |
| Responses due: | March 25, 2010 |
| PT/CP/Motions Hearing: | **April 8, 2010 at 10:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | April 12, 2010 |
| Jury Trial: | **April 19, 2010 at 9:30 a.m.** |

**DATED** this 17th day of November, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT