## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 08-CR-0051-001-CVE** |
| | ) | |
| MANUEL BONILLA, | ) | |
| a/k/a "Carlos Contreras," | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Defendant has sent a letter to Court in connection with sentencing, claiming that he was

illegally abducted by Mexican authorities in violation of an extradition treaty between Mexico and

the United States, and he states that his attorney has refused to file motions for discovery or to

dismiss the indictment or superseding indictments on this issue.  Defense counsel has filed a

response to the letter stating that he contacted the Mexican consulate to advise them of defendant's

allegations and he notified defendant of his communication with the consulate.  Dkt. # 592, at 1-2.

Defense counsel also represents that he researched the law on the effect of an illegal abduction in

violation of an extradition treaty, and advised defendant that this was not a basis to dismiss the

indictment under established Supreme Court precedent.  Id. at 2-3.

On February 2, 2010, the grand jury returned a third superseding indictment charging

defendant with, inter alia, engaging in a continuing criminal enterprise in violation of 21 U.S.C. §

848 (Count Two) and conspiring to commit an offense against the United States in violation of 18

U.S.C. § 371 (Count Three).  Dkt. # 549.  Defendant negotiated a plea agreement with the

government, and agreed to change his plea to guilty as to Counts Two and Three of the third

superseding indictment, and a separate information charging money laundering under 18 U.S.C. §

1957(a) and (b)(1).  On February 10, 2010, the Court accepted defendant's guilty plea to Counts

Two and Three of the third superseding indictment and the charge in the information (Dkt. # 559).

See Dkt. # 563.  Defendant's sentencing hearing was set for May 21, 2010, but the hearing was

continued until June 24, 2010.  During the commencement of the sentencing hearing on June 24,

defendant claimed that the presentence investigation report had not been read to him in Spanish.

The Court continued the sentencing hearing for a second time to permit defendant to review the

presentence investigation report with an interpreter, as well as to allow the interpreter adequate time

to translate a six-page letter written by defendant in Spanish.  That letter has now been translated

to English and provided to the Court, and it will be placed in the record as part of the presentence

investigation file.  The letter describes defendant's alleged abduction and appears to request

withdrawal of his guilty plea and appointment of new counsel.

Defendant claims that he was abducted from Mexico and brought to the United States in

violation of an extradition treaty.  Assuming that defendant's allegations are true, this is not a basis

to dismiss the indictment or delay his sentencing.  In United States v. Alvarez-Machain, 504 U.S.

655 (1992), the defendant was a Mexican citizen who alleged that he was forcibly abducted from

his office in Guadalajara, Mexico and flown to El Paso, Texas, where he was arrested by Drug

Enforcement Agency officials upon landing.  Id. at 657.  The district court dismissed the criminal

charges against the defendant on the basis that he was abducted in violation of an extradition treaty,

and the Ninth Circuit Court of Appeals affirmed.  Id. at 658.  The Supreme Court reversed the

dismissal of the indictment. The Supreme Court acknowledged that there was an extradition treaty

between the United States and Mexico, but found that federal courts were not deprived of

jurisdiction to hear a criminal matter if a criminal defendant was brought into the United States in violation of the treaty. Id. at 665. The treaty did not expressly prohibit abductions outside of the terms of the treaty, and the Supreme Court found that general principles of international law did not prohibit such abductions. Id. at 667-69. Based on Alvarez-Machain, every federal court of appeals to address the issue has held that a federal court has jurisdiction to hear a criminal case unless the defendant was brought into the United States in violation of treaty that expressly prohibits abduction as a means to bring the defendant before the court. See United States v. Arbane, 446 F.3d 1223, 1225 (11th Cir. 2006); United States v. Best, 304 F.3d 308, 312-313 (3d Cir. 2002); United States v. Torres Gonzalez, 240 F.3d 14, 16 (1st Cir. 2001); United States v. Matta-Ballesteros, 71 F.3d 754 (9th Cir. 1995). Alvarez-Machain clearly establishes that the extradition treaty between the United States and Mexico does not expressly preclude abductions to obtain the presence of an individual in the United States, and defendant's alleged abduction from Mexico is not a basis to dismiss the criminal charges against him.

Defendant request permission to withdraw his guilty plea and pursue discovery on his claim of forcible abduction in violation of an extradition treaty. Federal Rule of Criminal Procedure 11(d)(2)(B) permits a defendant to withdraw a guilty plea if he can "show a fair and just reason for requesting the withdrawal." The Supreme Court has issued one opinion considering the "fair and just" standard of Rule 11, and it is clear that the Supreme Court treats a fully accepted guilty plea as a conclusive act similar to a jury verdict. United States v. Hyde, 520 U.S. 670 (1997). Citing the advisory notes to Rule 11, the Supreme Court remarked:

> Given the great care with which pleas are taken under [the] revised Rule 11, there is
> no reason to view pleas so taken as merely "tentative," subject to withdrawal before
> sentence whenever the government cannot establish prejudice. "Were withdrawal
> automatic in every case where the defendant decided to alter his tactics and present

> his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however, a guilty plea is no such trifle, but a 'grave and solemn act,' which is "accepted only with care and discernment."

Id. at 676-77. Defendant bears the burden to show a fair and just reason for withdrawal of his guilty plea. United States v. Black, 201 F.3d 1296, 1299 (10th Cir. 2000). The Tenth Circuit has recognized seven factors that a district court judge should consider when ruling on a motion to withdraw a guilty plea:

> (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; (7) whether the granting of the motion would cause a waste of judicial resources.

Id. at 1299-1300; see also United States v. Graham, 466 F.3d 1234, 1238 (10th Cir. 2006). Even if the government can not show that it will be prejudiced, this does not remove the burden from the defendant to prove a fair and just reason for withdrawing his plea. United States v. Rhodes, 913 F.2d 839, 845-46 (10th Cir. 1990).

The Court finds that defendant should not be permitted to withdraw his guilty plea. Defendant is not claiming that he is innocent of the crimes to which he pled guilty, and he entered a knowing and voluntary guilty plea on February 10, 2010. Defendant executed a petition to enter plea of guilty (Dkt. # 568) admitting his guilt and asking the Court to accept his plea, and the Court accepted his guilty plea in a hearing that lasted one hour and 17 minutes. Dkt. # 563. It is unclear if the government will be prejudiced by permitting defendant to withdraw his plea, but it would inconvenience the Court and be waste of judicial resources. The Court has already continued defendant's sentencing hearing two times, and continuing this matter for a third time would

inconvenience the Court and the government.  Most importantly, defendant's claim of illegal abduction is not a basis to dismiss the charges against him, and it would be a waste of judicial resources to allow defendant to withdraw his guilty plea to pursue a meritless defense.  Defendant delayed when seeking leave to withdraw his guilty plea, and this also weighs against granting defendant's request.  He has known about his alleged illegal abduction since October 2009, but he did not raise the issue until late April 2010.  This suggests that defendant is merely attempting to delay his sentencing hearing by injecting a new issue into these proceedings.  Defense counsel's response to defendant's letter also shows that defendant received accurate advice from defense counsel as to his proposed defense based on a violation of an extradition treaty.  Defense counsel states that he discussed Alvarez-Machain and subsequent cases with defendant, and he contacted the Mexican consulate to notify it of defendant's allegations.  Dkt. # 592, at 1-3.  While defendant may not like the advice provided by counsel, it is clear that defense counsel advised defendant of the law applicable to his proposed defense and declined to file meritless motions for discovery or to dismiss the criminal charges.  Defendant may not withdraw his plea to pursue an untimely raised and meritless defense, and the Court finds that defendant should not be permitted to withdraw his guilty plea.

Defendant asks the Court to appoint a new defense attorney more familiar with "extradition cases and international treaties."  A defendant's right to counsel under the Sixth Amendment does not require the Court to provide a defendant absolute freedom of choice of counsel, and the Court must balance a defendant's right to choose counsel against the "need for the efficient and effective administration of criminal justice.  United States v. Weninger, 624 F.2d 163 (10th Cir. 1980) (district court did not violate defendant's Sixth Amendment right to counsel by denying defendant's

request to proceed only with attorney that shared his views about tax laws). In United States v.

Porter, 405 F.3d 1136, the Tenth Circuit stated:

> "To warrant a substitution of counsel, the defendant must show good cause, such as
> a conflict of interest, a complete breakdown of communication or an irreconcilable
> conflict which leads to an apparently unjust verdict." *United States v. Padilla*, 819
> F.2d 952, 955 (10th Cir.1987) (citation and internal quotation marks omitted). "Good
> cause for substitution of counsel consists of more than a mere strategic disagreement
> between a defendant and his attorney ... rather there must be a total breakdown in
> communications." *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir.2002)
> (citations omitted). "[T]o prove a total breakdown in communication, a defendant
> must put forth evidence of a severe and pervasive conflict with his attorney or
> evidence that he had such minimal contact with the attorney that meaningful
> communication was not possible." *Id.*
>
> Our cases instruct us in making this assessment to look at whether (1) the defendant's
> request was timely; (2) the trial court adequately inquired into defendant's reasons
> for making the request; (3) the defendant-attorney conflict was so great that it led to
> a total lack of communications precluding an adequate defense; and (4) the defendant
> substantially and unreasonably contributed to the communication breakdown. *See*
> *Romero v. Furlong*, 215 F.3d 1107, 1113 (10th Cir.2000).

Id. at 1141.

The Court finds that defendant's request for substitution of counsel should also be denied.

Defendant's request for a new attorney is untimely and is not based on a complete breakdown of the

attorney-client relationship. The Court inquired into defendant's reason for making the request and

his attorney responded. Dkt. # 592. At bottom, defendant has received accurate advice from his

attorney about a proposed defense, and has rejected that advice. Defense counsel states that he spent

at least six hours researching the law concerning forcible abduction and extradition, and determined

that this was not a viable defense. Dkt. # 592, at 2. However, he notified the Mexican consulate of

defendant's allegations and informed defendant that he had spoken to the Mexican consulate. Id.

at 1. The Court has already continued defendant's sentencing twice. Defense counsel has not

attempted to rush defendant's sentencing and has been forthcoming about his efforts to research

defendant's allegations.  The Court also notes that defense counsel has filed numerous motions on defendant's behalf, including a motion to dismiss certain counts of the second superseding indictment (Dkt. # 544), a motion to compel discovery (Dkt. # 545), a motion for a <u>James</u> hearing (Dkt. # 546), and a motion for a sentencing variance and objection to the presentence investigation report (Dkt. # 585).  It is clear that defense counsel familiarized himself with the applicable law and made an informed choice not to file a motion to dismiss the charges against defendant based on defendant's allegations of forcible abduction or alleged violations of an extradition treaty.  It is defendant's intent to pursue a meritless defense, not the representation provided by defense counsel, that is contributing to any breakdown in communication, and defendant is not entitled to a new attorney.

**IT IS THEREFORE ORDERED** that defendant's letter requests to withdraw his guilty plea and for the appointment of new counsel are **denied**.

**DATED** this 30th day of June, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

7