UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CR-0051-001-CVE |
| ) | (11-CV-572-CVE-TLW) |
| MANUEL BONILLA, ) | |
| a/k/a "Carlos Contreras," ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Motion pursuant to Federal Rules of Civil Procedure Rule 60(b)(6) and Rule 60(d)(1)(3) (Dkt. # 695). Defendant asks the Court to reconsider an opinion and order (Dkt. # 593) denying his request to withdraw his guilty plea and the opinion and order (Dkt. # 663) denying his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. He claims that his pleas of guilty were involuntary, because the government induced him to sign a plea agreement but refused to file a motion for downward departure under United States Sentencing Guideline § 5K1.1.

On March 6, 2008, a grand jury returned a sealed indictment (Dkt. # 2) charging defendant with numerous drug, firearms, and smuggling offenses, and he faced up to a sentence of life imprisonment if convicted on the most serious drug charges. Defendant could not be located and he remained a fugitive until November 2009, and he did not make his initial appearance until November 6, 2009. Dkt. # 534. Defendant could not afford counsel, and William Widell was appointed to represent him. Id. Widell filed several motions on behalf of defendant. Dkt. ##544, 545, 546. While the motions were pending, a third superseding indictment (Dkt. # 549) was filed

alleging additional charges against defendant. Defense counsel engaged in plea negotiations with the government, and defendant agreed to change his plea to counts two and three of the third superseding indictment and a money laundering charge that would be alleged in a new information (Dkt. # 559). Dkt. # 566, at 1. In the plea agreement, the government reserved the right to file a motion for downward departure under § 5K1.1, but it retained the sole discretion to determine if the requirements for filing such a motion had been met. Dkt. # 567, at 4. The plea agreement also contained a waiver of certain appellate and post-conviction rights. Dkt. # 566, at 3. At the change of plea hearing, counsel for the government did not make any representation that a motion for downward departure would be filed. Dkt. ## 605, 606.

A presentence investigation report (PSR) was prepared by the United States Probation Office and, including a three level reduction for acceptance of responsibility, defendant's total offense level was 40. Defendant had a criminal history category of III and this resulted in an advisory guideline range of 360 months to life imprisonment. Defense counsel filed a motion for a downward variance asking the Court to impose a sentence between 235 and 293 months. Dkt. # 585. The government opposed defendant's motion and requested a sentence within the advisory guideline range. Dkt. # 589. Before defendant's sentencing hearing, the Court received a letter from defendant in which he claimed that he was illegally abducted by Mexican authorities and brought to the United States in violation of an extradition treaty between the United States and Mexico. Dkt. # 593, at 1. Defendant claimed that Widell was aware of defendant's allegations but that Widell refused to seek discovery or file a motion to dismiss. Id. Widell responded that he was fully aware of the issue and he had contacted the Mexican consulate, and he had found a Supreme Court decision rejecting the precise argument raised by defendant. Dkt. # 592. The Court construed the letter as a request to

2

withdraw defendant's guilty pleas and for substitution of counsel, and the Court entered an opinion and order (Dkt. # 593) denying both requests. Defendant's sentencing hearing was held on July 1, 2010, and the Court granted defendant's motion for a downward variance over the objection of the government.[1] Dkt. #  Defendant was sentenced to 293 months imprisonment. Dkt. # 598.

Defendant filed a notice of appeal and he was represented by retained counsel on appeal. Dkt. # 601. The government sought to enforce the appellate waiver contained in defendant's plea agreement, and defendant responded that he was alleging ineffective assistance of counsel claims that were not within the scope of his appellate waiver. Dkt. # 635, at 3. The Tenth Circuit Court of Appeals dismissed defendant's appeal without prejudice to his assertion of ineffective assistance of counsel claims in a § 2255 motion. Defendant filed a § 2255 motion (Dkt. # 655) and the government responded that many of defendant's claims were barred by his waiver of post-conviction rights. Defendant challenged the validity of his guilty plea, but he did not argue that the government breached the plea agreement by refusing to file a motion for downward departure. On January 25, 2012, the Court denied defendant's § 2255 motion and found that the post-conviction waiver contained in defendant's plea agreement was enforceable. Dkt. # 663. The Court determined that defendant alleged eight claims in his § 2255 motion, but six of those claims were barred by the post-conviction waiver. The Court found that defendant was not entitled to relief on the two claims

---

[1] At the sentencing hearing, counsel for the government stated that he had considered filing a motion for downward departure. Dkt. # 608, at 5-6. However, for the reasons stated in the sealed portion of the sentencing hearing, counsel for the government determined that defendant was not eligible for a downward departure and he had discussed the matter with Widell before the sentencing hearing. Id. Defendant was given an opportunity to speak on this issue and he did not object to the government's refusal to file a motion for downward departure or seek to withdraw his guilty plea. Id.

attacking the validity of his guilty plea or the validity of the waiver itself. Defendant did not seek a certificate of appealability from the Tenth Circuit.

Defendant now claims that he is entitled to relief under Fed. R. Civ. P. 60(b)(6), because he should have been permitted to withdraw his guilty plea when the government breached the plea agreement by refusing to file a motion for downward departure. Dkt. # 695, at 3-5. Under Tenth Circuit precedent, a motion to reconsider the denial of a § 2255 motion must be treated as a request to file a second or successive motion under § 2255 if the motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence]." United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006). However, a court may consider a "true" motion for relief from judgment under Fed. R. Civ. P. 59(e) or 60(b) without construing the motion as a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524 (2005). To avoid classification as a second or successive § 2255 motion, the Rule 59(e) or 60(b) motion must challenge "some defect in the integrity of the federal habeas process," rather than the "substance of the federal court's resolution of a claim on the merits." Id. at 532. The Tenth Circuit does not distinguish between a Rule 59(e) motion to alter or amend judgment and a Rule 60(b) motion in considering whether a motion should be treated as a true motion for relief from judgment or as a second or successive § 2255 motion. See Pedraza, 466 F.3d at 933. If the motion to reconsider is more properly classified as a second or successive § 2255 motion, this Court lacks jurisdiction to consider a second or successive § 2255 motion and defendant must request permission from the Tenth Circuit to file a second or successive § 2255 motion. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002).

The argument raised in defendant's motion (Dkt. # 695) goes to the validity of his convictions and sentence, rather than the integrity of the federal habeas process, and defendant's motion is not a true motion to reconsider under Fed. R. Civ. P. 60. Defendant argues that his guilty pleas should be deemed invalid, because the government breached its promise to file a motion for downward departure. He asks the Court to reconsider its opinion and order (Dkt. # 593) denying his request to withdraw his guilty plea and the opinion and order (Dkt. # 663) denying his § 2255 motion, but the claim now alleged by defendant was not previously asserted by defendant. The Court notes that defendant cites Fed. R. Civ. P. 60(d)(3), but this does not alter the Court's analysis when determining if a Rule 60 motion should be treated as a second or successive § 2255 motion. United States v. Baker, 718 F.3d 1204, 1207 (10th Cir. 2013). The Court must focus on whether the motion asserts or reasserts a challenge to the defendant's conviction and, if so, the motion must be treated as a second or successive § 2255 motion. Id. Defendant is clearly challenging the validity of his convictions or sentence, because he is arguing that the government breached the plea agreement and he is asking the Court reconsider its opinion and order denying him leave to withdraw his guilty plea. Dkt. # 695, at 15-16.

The Court finds that defendant's motion should be treated as a second or successive § 2255 motion. This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002). A second or successive motion under § 2255 will only be permitted in two situations:

5

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In order for a federal prisoner to proceed under § 2255(h)(2), the Supreme Court must explicitly hold that a new rule applies to cases on collateral review. Bey v. United States, 399 F.3d 1266 (10th Cir. 2005).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases). The Court finds that there is no risk that defendant will be prevented from litigating a meritorious claim if his motion (Dkt. # 695) is not transferred to the

6

Tenth Circuit. Defendant's motion is not based on newly discovered evidence or a change in the law, and there is little likelihood that he would be permitted to proceed with a second or successive § 2255 motion. Even if the Tenth Circuit were to consider the merits of defendant's claims, the mere fact that the government did not file a motion for downward departure is not automatically a breach of the plea agreement when the plea agreement gives the government discretion as to requesting a downward departure. United States v. E.V., 503 F. App'x 627, 629 (10th Cir. Nov. 28, 2012); United States v. Alford, 147 F. App'x 45 (10th Cir. Aug. 24, 2005).[2] The Court declines to transfer defendant's motion to the Tenth Circuit and finds that the motion (Dkt. # 695) should be dismissed for lack of jurisidiction.

**IT IS THEREFORE ORDERED** that defendant's Motion pursuant to Federal Rules of Civil Procedure Rule 60(b)(6) and Rule 60(d)(1)(3) (Dkt. # 695) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 17th day of February, 2016.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2]   Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.